UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CAPTAIN RORY M. WALSH, USMC (RET.); <br><br> Plaintiff, <br><br> vs. <br><br> DEPARTMENT OF THE NAVY; and UNITED STATES OF AMERICA; <br><br> Defendants. | 4:23-CV-04164-ECS <br><br><br> OPINION & ORDER ON DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE AND PLAINTIFF'S MOTION TO SUPPLEMENT HIS PLEADING |

**I.    Background**

On October 17, 2023, Plaintiff, Retired Captain Rory M. Walsh ("Walsh"), filed a Freedom of Information Act ("FOIA") action against the Department of the Navy and the United States ("Defendants") requesting letters of reprimand and disciplinary records for two now-retired general officers that he alleges tried to murder him in 1985. See Doc. 1.

Prior to filing his complaint in this Court, Walsh made a FOIA request to "Headquarters Marine Corps." Docs. 1 at 8, 1-1 at 10. Walsh's request was denied on July 19, 2023. See Doc. 1-1 at 10. Walsh then appealed this decision to the Navy. Id. On August 21, 2023, Walsh's appeal was denied because it was "duplicative of a previous FOIA request submitted by [him]." Id. at 10–11.[1]

---

[1] No party has filed the Navy's response to Walsh's first FOIA request. Accordingly, this Court does not know how the Navy responded to Walsh's initial request.

1

On November 21, 2023, Defendants moved to dismiss under Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6) for insufficient service of process and failure to state a claim respectively. Doc. 12. Defendants also "move[d] to strike all immaterial, impertinent, and scandalous material from [Walsh's] pleading pursuant to Federal Rule of Civil Procedure 12(f)." Id.

Walsh responded to Defendants' motion[2] by asserting that he properly stated a claim under FOIA because the Navy refused to grant his request for information and failed to list a proper exemption under 5 U.S.C. § 552(b). Doc. 16 at 15–17. He also asserted that Defendants' 12(b)(5) motion for insufficient service of process is improper because he had since served the United States Attorney General. See Docs. 15 at 5, 16 at 11–12. Walsh also maintains that Defendants' motion to strike should be denied because striking such words would violate his First and Fourteenth Amendment right to free speech. Doc. 16 at 10–11.

In their reply, Defendants withdrew their Rule 12(b)(5) motion to dismiss for lack of insufficient service of process due to subsequent service on the Attorney General. Doc. 18 at 6. They further contend Walsh failed to properly respond to the substance of their motions. Id. at 5–9.

Walsh then moved to supplement his complaint under Rule 15(d) asserting that on December 3, 2023, Defendants sent the FBI to his residence to keep him from responding to

---

[2] Walsh's response references the local summary judgment rule and includes a Statement of Material Facts Not in Genuine Dispute, which is only applicable for summary judgment purposes. See Doc. 16-1. Walsh also included a draft order denying Defendants' motion to dismiss, ordering the Navy to release the documents they withheld from him, alerting the South Dakota Attorney General of Hagee's crimes, and ordering the U.S. Marshal Service to extradite Hagee from Texas to stand trial for crimes Walsh alleges Hagee committed. See Doc. 16-2. This Court construes these filings consistent with their headings, which state that they are Walsh's "Brief in Opposition to Defendants' Motion to Dismiss Complaint and to Strike Complaint." See Docs. 16, 16-1, 16-2.

Defendants' Motion to Dismiss. Doc. 19 at 1. Walsh claims these actions violate the Ku Klux Klan Act of 1871. Id. at 3. He also asks this Court to sanction Defendants for these alleged actions. Id. at 3–4. Walsh maintains he does not want "to modify his complaint or brief in opposition" but simply wants to report this alleged "crime" to the Court. Id. at 4.

Defendants assert Walsh's motion to supplement should be denied because, by his own words, he does not seek to supplement his pleading. Doc. 22 at 4. They maintain that, even if Walsh seeks to supplement his complaint, his claims are futile under Rule 12(b)(6). Id. at 7–8. Defendants also claim sanctions are unwarranted because Walsh has not "pled particularized facts sufficient for sanctions." Id. at 8.

Walsh replied claiming this Court should disregard Doc. 22 because Assistant United States Attorney ("AUSA") Diana Ryan, who had not filed notice of her appearance, emailed him requesting an extension of Defendants' time to answer Walsh's motion. Doc. 23 at 2–4. Walsh also contended his motion to supplement was proper under Rule 15(d) because he is pleading another cause of action based on the FBI's alleged conduct. Id. at 5–7. He maintains United States Attorney ("USA"), Alison Ramsdell, must be removed from office and this Court should order the United States Marshal's Service to extradite Michael Hagee "to South Dakota for imprisonment and trial . . . ." Id. at 13.

II. **Legal Standard**

Rule 12(b)(6) permits a pre-answer motion to dismiss for "failure to state a claim upon which relief can be granted[.]" Although a complaint need not contain detailed factual allegations to survive a motion to dismiss under Rule 12(b)(6), it must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows

3

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Twombly, 550 U.S. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). On a motion to dismiss under Rule 12(b)(6), courts must accept the plaintiff's factual allegations as true and construe all inferences in the plaintiff's favor, but need not accept a plaintiff's legal conclusions. Retro Television Network, Inc. v. Luken Commc'ns, LLC, 696 F.3d 766, 768–69 (8th Cir. 2012). When ruling on a Rule 12(b)(6) motion, a court generally must ignore materials outside the pleadings, but it may "consider 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint[.].'" Dittmer Props., L.P. v. FDIC, 708 F.3d 1011, 1021 (8th Cir. 2013) (cleaned up and citation omitted). The consideration of such items does not convert a motion to dismiss into one for summary judgment. Waldner v. N. Am. Truck & Trailer, Inc., 277 F.R.D. 401, 406 (D.S.D. 2011) (citing State ex rel. Nixon v. Coeur D'Alene Tribe, 164 F.3d 1102, 1107 (8th Cir. 1999)). As the moving party under Rule 12(b)(6), Defendants bear the burden of proving that no claim exists. See 5B Charles Alan Wright et al., Federal Practice and Procedure § 1357 (3d ed. 2004) ("All federal courts are in agreement that the burden is on the moving party to prove that no legally cognizable claim for relief exists.").

Federal Rule of Civil Procedure 12(f) allows a "court [to] strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A court may act on its own motion or "on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading."

Fed. R. Civ. P. 12(f). A district court enjoys "liberal discretion to strike pleadings under Rule 12(f)," but motions to strike are viewed with disfavor and are infrequently granted. BJC Health Sys. v. Columbia Cas. Co., 478 F.3d 908, 917 (8th Cir. 2007); Stanbury Law Firm. P.A. v. IRS, 221 F.3d 1059, 1063 (8th Cir. 2000) (per curiam). Thus, motions to strike "should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." Poulos v. Summit Hotel Props., LLC, No. CIV 09-4062-RAL, 2010 WL 2034634, at *3 (D.S.D. May 21, 2010) (cleaned up and citation omitted).

Federal Rule of Civil Procedure 15(d) authorizes "a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." "A supplemental pleading is designed to cover matters subsequently occurring but pertaining to the original cause." United States v. Vorachek, 563 F.2d 884, 886 (8th Cir. 1977) (cleaned up and citation omitted). "Leave to file a supplemental complaint under Rule 15(d) rests with the court's discretion and should be freely granted if it will promote the just disposition of the case, not cause undue prejudice or delay, and not prejudice the rights of any parties." Smith v. Brown, No. 4:16-CV-04014-LLP, 2018 WL 1440328, at *17 (D.S.D. Mar. 22, 2018) (citation omitted). "In exercising its discretion, the court should also consider whether 'the proposed pleading is futile in that it adds nothing of substance to the original allegations or is not germane to the original cause of action.'" Id. (quoting Lewis v. Knutson, 699 F.2d 230, 239 (5th Cir. 1983)). A pleading is futile when it does not withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Moody v. Vozel, 771 F.3d 1093, 1095 (8th Cir. 2014) (citation omitted). Under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

5

## III. Discussion

Walsh filed a FOIA request asking the Navy for letters of reprimand and disciplinary records for two now-retired general officers. See Docs. 1, 1-1. FOIA grants "any person" a right to request records held by a federal agency. 5 U.S.C. § 552(a)(3)(A). It was designed to increase openness and transparency in government, and it favors disclosure. Milner v. Dep't of Navy, 562 U.S. 562, 565 (2011). "FOIA mandates the disclosure of documents held by a federal agency unless the documents fall within one of nine enumerated exemptions." United States Fish & Wildlife Serv. v. Sierra Club, Inc., 592 U.S. 261, 267 (2021) (citing § 552(b)). FOIA's "exemptions are explicitly made exclusive, and must be narrowly construed." Milner, 562 U.S. at 565 (cleaned up and citations omitted).

### A. Defendants' Motion to Dismiss

Defendants moved to dismiss Walsh's complaint asserting that, pursuant to the Department of Defense Manual 5400.07 6.3(b)(8), an agency can deny FOIA requests without citing an exemption when the request is duplicative. Doc. 13 at 5–7. Walsh contends that he properly stated a claim because the Navy withheld documents without citing to one of FOIA's nine enumerated exemptions.[3] Doc. 16 at 17. Defendants replied asserting that Walsh failed to respond to their motion to dismiss and as such abandoned his claim.

To state a claim under FOIA, a plaintiff must plausibly allege "that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.'" Kissinger v. Reporters Comm. For Freedom

---

[3] The exemptions are for matters that are: (1) classified; (2) related solely to internal personnel rules and practices; (3) specifically exempted from disclosure by statute; (4) trade secrets or financial information; (5) privileged; (6) personally private personnel or medical files; (7) various types of law-enforcement records; (8) related to the regulation of banks; or (9) geological information concerning wells. See 5 U.S.C. § 552(b).

6

of the Press, 445 U.S. 136, 150 (1980) (quoting § 552 (a)(4)(B)). When an agency withholds records under the FOIA, "[t]he agency bears the burden of demonstrating a FOIA exemption applies." Schaerr v. United States Dep't of Just., 69 F.4th 924, 929 (D.C. Cir. 2023) (citing § 552(a)(4)(B)). The agency must "provide 'reasonably specific' justifications indicating that documents 'logically' or 'plausibly' fall within a claimed exemption." Jud. Watch, Inc. v. Nat'l Archives & Recs. Admin., 876 F.3d 346, 349 (D.C. Cir. 2017) (cleaned up and citation omitted).

As an initial matter, this Court disagrees with Defendants' contention that Walsh abandoned his FOIA claim. To the contrary, Walsh asserted the Navy did not properly list a FOIA exemption. Doc. 1 at 8. Walsh also cited Milner v. Dep't of Navy, 562 U.S. 562, 565 (2011), in his complaint for authority that FOIA's enumerated exemptions are exclusive. Id. at 8–10. Defendants cite no case allowing agencies to refuse to disclose records without asserting one of FOIA's nine exemptions. Notably, the Navy did not cite an Eleventh Circuit case it was part of where that court rejected an almost identical argument because "none of the enumerated exemptions has anything to do with the situation where a person makes a second request for materials . . . ." Sikes v. United States Dep't of Navy, 896 F.3d 1227, 1234 (11th Cir. 2018).

Defendants argument also contradicts Eighth Circuit and United States Supreme Court precedent. The Supreme Court has held that FOIA's exemptions are exclusive. Milner, 562 U.S. at 565 (citation omitted). Thus, agencies must give the public access to "documents unless an enumerated exemption to disclosure applies." Fogg v. IRS, 106 F.4th 779, 784 (8th Cir. 2024) (citing Mo. Coal. for Env't Found. v. U.S. Army Corps of Eng'rs, 542 F.3d 1204, 1208 (8th Cir. 2008) (emphasis added)). "There are nine limited exemptions to disclosure—which [are] narrowly construe[d]—and the government bears the burden of showing an exemption applies." Id. (citation omitted).

The Supreme Court has also made clear that "the identity of the requesting party <u>has no bearing</u> on the merits of his or her FOIA request." <u>U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press</u>, 489 U.S. 749, 771 (1989) (emphasis added). This is why the Eleventh Circuit held that denying a FOIA request simply because it is repetitive "would permit the agency to base its FOIA decision on considerations that the Supreme Court has forbidden." <u>Sikes</u>, 896 F.3d at 1235. But see <u>Rein v. U.S. Pat. & Trademark Off.</u>, 553 F.3d 353, 363 (4th Cir. 2009) ("FOIA d[oes] not require [agencies] to perform an entirely new, duplicative search for each request."); <u>Nat'l Sec. Couns. v. C.I.A.</u>, 931 F. Supp. 2d 77, 103 (D.D.C. 2013) (When the same requester "files a duplicative FOIA request for the exact same records in order to revive the unexhausted issues for purposes of litigation, the agency is not required to re-review the same records to indulge the requester").

Because the United States Supreme Court has expressly declined to "read into the FOIA a disclosure exemption that Congress did not itself provide[,]" <u>U.S. Dep't of Just. v. Tax Analysts</u>, 492 U.S. 136, 154 (1989), this Court must do the same. Walsh claims the Navy withheld documents without asserting any of the nine enumerated exemptions in the FOIA statute. Doc. 1 at 8–10. Accepting Walsh's factual allegations as true and construing all inferences in his favor, this Court finds that Walsh has pled a plausible claim. Thus, Defendants' motion to dismiss, Doc. 12, must be denied.

**B. Defendants' Motion to Strike**

Defendants also moved, in the alternative, "to strike all immaterial, impertinent, and scandalous material from [Walsh's complaint] pursuant to Federal Rule of Civil Procedure 12(f)." Docs. 12 at 1, 13 at 1. They seek to strike:

1. Paragraphs 3 through 6;

2. Paragraph 7, except for the excerpt "Humble and Hagee were censured by the Secretary of the Navy and awarded punitive letters of censure/punitive letters of reprimand";

3. Paragraph 8, except for the excerpt "Humble and Hagee were censured by the Secretary of the Navy";

4. Paragraph 9, except for the excerpt "Plaintiff filed a FOIA request for copies of both letters of censure/letters of reprimand through the Navy's FOIA website on 13 Jul 2023. The Navy denied same request, hence, this action is filed."

5. Paragraph 12, except for the excerpt "Plaintiff Rory M. Walsh is a retired Marine Corps officer";

6. Paragraphs 14 through 21;

7. Paragraph 22, except for the excerpt "Humble and Hagee were censured by the Secretary of the Navy, and awarded punitive letters of censure/punitive letters of reprimand";

8. Paragraph 24, except for the excerpt "Plaintiff filed a FOIA request for copies of both letters of censure/letters of reprimand through the Navy's FOIA website on 13 Jul 2023. The Navy denied same request, hence, this action is filed";

9. The word "terse" in paragraph 25;

10. The words "terse" and "curt" in paragraph 29;

11. The words "terse" and "curt" in paragraph 31;

12. The clauses "abusing her position at HQMC, to the embarrassment of new Commandant Eric M. Smith" in paragraph 31;

13. Paragraph 34; and

14. Paragraph 36.

Doc. 13 at 13–14.

Walsh maintains that granting Defendants' motion to strike would violate his First and Fourteenth Amendment right to free speech. Doc. 16 at 10–11. Defendants counter that striking the above language from Walsh's complaint does not offend his First Amendment rights as the courtroom is a non-public forum and Rule 12(f) "serves a legitimate and reasonable purpose . . . ." Doc. 18 at 8. Defendants also contend the Fourteenth Amendment does not apply to the federal government. Id. at 7–8.

The United States Supreme Court has held that, except for cases of privilege, the identity of the requesting party and the particular purpose they are seeking the documents for have "no bearing on the merits of [a] FOIA request." Reporters Comm. for Freedom of the Press, 489 U.S. at 771. Accordingly, Walsh's reasons for filing his FOIA action are immaterial to his FOIA claim and would prejudice Defendants by requiring them to respond to allegations that have already been litigated[4] and have nothing to do with whether the Navy improperly withheld agency documents from Walsh. See Kissinger, 445 U.S. at 150 (quoting § 552 (a)(4)(B)) (stating elements of a FOIA claim); see also Poulos, 2010 WL 2034634, at *3 (motions to strike should be granted if "the challenged allegations have no possible relation or logical connection to

---

[4] See, e.g., Walsh v. United States, 639 F. App'x 108, 110 (3d Cir. 2016) (alleging "that some of the named defendants interfered with his personal mail, attempted to murder him by poisoning him with arsenic, and attempted to frame him for espionage. He also alleged that General Jones ordered Naval Intelligence agents to break into his home, resulting in the theft of various items."); Walsh v. United States, et al., Civ. No. 1:05–cv–0818, 2008 WL 2412968 (M.D. Pa. June 10, 2008), aff'd, 328 F. App'x 806 (3d Cir. 2009) (alleging a 1985 murder attempt by Hagee, surveillance of his phone and mail, and multiple break-ins of his home).

the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." (cleaned up and citation omitted)).

Striking language from Walsh's complaint does not violate his First Amendment right to free speech. In matters before the court, "whatever right to 'free speech' an attorney has is extremely circumscribed." Gentile v. State Bar of Nevada, 501 U.S. 1030, 1071 (1991). "A courthouse—and, especially, a courtroom—is a nonpublic forum." Berner v. Delahanty, 129 F.3d 20, 26 (1st Cir. 1997) (citations omitted). As a result, the government "has more flexibility to craft rules limiting speech" and "may impose some content-based restrictions on speech in nonpublic forums . . . ." Minnesota Voters All. v. Mansky, 585 U.S. 1, 11–12 (2018) (citations omitted). Restrictions in non-public forums are valid "as long as the regulation on speech is reasonable and not an effort to suppress expression merely because public officials oppose the speaker's view." Id. at 12 (citation omitted).

Striking portions of Walsh's complaint that are immaterial to his FOIA claim is a valid regulation of his speech. First, striking his language from the complaint narrows the scope of the case, which should focus on whether the Navy gave a valid exemption justifying their withholding of agency documents, and as such serves the judicial economy. See United States v. Diveroli, 729 F.3d 1339, 1342 (11th Cir. 2013) (judicial economy is an important interest). Second, striking immaterial portions of Walsh's complaint does not discriminate against his viewpoint. See Marcus v. Iowa Pub. Television, 150 F.3d 924, 925 (8th Cir. 1998) (restriction in non-public forum was valid as it was viewpoint neutral and reasonable). Because striking his complaint is a reasonable and viewpoint neutral measure, it does not violate his First Amendment right to free speech.

Striking language from Walsh's complaint also does not offend the Fourteenth Amendment. "[T]he Fourteenth Amendment is applicable only to the states, and not to the federal government." In re Young, 141 F.3d 854, 858 (8th Cir. 1998) (citation omitted). As a result, Walsh cannot raise a Fourteenth Amendment claim as there is no state government actor involved.

Because Walsh's complaint contains immaterial and prejudicial statements and does not offend the First or Fourteenth Amendments, this Court grants Defendants' motion to strike, Doc. 12, in part and denies it in part. The Court strikes these portions of Walsh's complaint as immaterial of his FOIA claim:

- Paragraphs 3 through 6;

- Paragraph 7, except for the excerpt "Humble and Hagee were censured by the Secretary of the Navy and awarded punitive letters of censure/punitive letters of reprimand";

- Paragraph 8, except for the excerpt "Humble and Hagee were censured by the Secretary of the Navy";

- The words "both murderers" in paragraph 9.

- Paragraph 12, except for the excerpts "Plaintiff Rory M. Walsh is a retired Marine Corps officer" and "Humble and Hagee are also retired Marine Corps officers";

- Paragraphs 14 through 21;

- Paragraph 22, except for the excerpt "Humble and Hagee were censured by the Secretary of the Navy, and awarded punitive letters of censure/punitive letters of reprimand";

- Paragraph 23 except for the excerpt "Humble and Hagee were censured by the Secretary of the Navy";
- The words "both murderers" in Paragraph 24;
- The excerpt "abusing her position at HQMC, to the embarrassment of new Commandant Eric M. Smith" in paragraph 32;
- Paragraph 34; and
- Paragraph 36.

### C. Plaintiff's Motion to Supplement his Pleadings

Walsh subsequently moved to supplement his pleading under Federal Rule of Civil Procedure 15(d). Doc. 19. Walsh alleges that on December 3, 2023, Defendants sent the FBI to harass and surveil him without a warrant. Id. at 1–2. He claims Defendants' alleged actions violate the Ku Klux Klan Act of 1871. Id. at 3.

Defendants assert that Walsh did not file a proper Rule 15(d) motion because in his motion Walsh specifically stated that he did not want to modify his complaint. Doc. 22 at 4. Additionally, Defendants claim Walsh's motion should be denied because it does not pertain to his original FOIA cause of action. Id. at 5. Defendants maintain Walsh's motion should also be dismissed as frivolous based on his lengthy litigious history of asserting a "fanciful, decades-long conspiracy . . . ." Id. at 6–7 (citing Walsh v. Comey, 118 F. Supp. 3d 22, 25–26 (D.D.C. 2015)).

Walsh replied that this Court should disregard Doc. 22 because AUSA Diana Ryan, who had not filed a notice of appearance, reached out to Walsh and sought a three-day extension to file the same. Doc. 23 at 2–3, 21–23. Additionally, Walsh asserts that his motion to supplement his complaint is proper as he is simply bringing to the court "new facts which enlarge or change

the relief first sought." Id. at 9. Walsh also lobs a flurry of baseless allegations at the Navy and USA Alison Ramsdell and seeks sanctions for their conduct and to have Ramsdell removed from office. Id. at 12.

To begin, this Court disagrees with Walsh's assertion that it must disregard Doc. 22. This filing was submitted by AUSA Stephanie Bengford, who has filed a notice of appearance. See Docs. 6, 22. As a result, this Court will consider Doc. 22.

According to his motion, Walsh "does not wish to modify his complaint" but simply wanted to report this alleged "crime" to this Court. Doc. 19 at 4. Thus, even according to Walsh, his motion to supplement the pleadings should be denied. And rightfully so. His motion states that Defendants "threw" the FBI at his residence to prevent him from filing Doc. 16. Id. at 1. He also demands individuals that he alleges tried to murder him be prosecuted and imprisoned. Doc. 23 at 13, 18. In short, his proposed pleading "is not germane to" his original FOIA claim. Smith, 2018 WL 1440328, at *17 (cleaned up and citation omitted).

Walsh's motion to supplement is also futile as it does not withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Moody, 771 F.3d at 1095 (citation omitted). Walsh lacks standing to force the government to prosecute someone. See Parkhurst v. Tabor, 569 F.3d 861, 866 (8th Cir. 2009) ("a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution because a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." (quoting Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) (cleaned up)); see also Walsh v. George, 650 F. App'x 130, 133 (3d Cir. 2016) (asserting to Walsh "that there is no federal right to require the government to initiate criminal proceedings." (citation omitted)). He also fails to state a claim under Rule 12(b)(6) because "the Ku Klux Klan

Act does not apply to deprivations of constitutional rights by federal officials . . . ." Ryan v. Cleland, 531 F. Supp. 724, 733 (E.D.N.Y. 1982) (citing District of Columbia v. Carter, 409 U.S. 418 (1973)). Thus, Walsh's motion to supplement his pleading, Doc. 19, must be denied.

### D. Plaintiff's Request for Sanctions

In his motion to supplement his complaint and subsequent response, Walsh asks for sanctions against the Navy and USA Alison Ramsdell. Docs. 19 at 4, 23 at 12. This claim is frivolous on its face, consistent with Walsh's previous claims that many courts have also found are frivolous,[5] and must be denied.

## IV. Order

For the above reasons, and the record as it now exists before this Court, it is

ORDERED that Defendants' Motion to Dismiss, Doc. 12, is denied. It is further

ORDERED that Defendants' Motion to Strike, Doc. 12, is granted in part and denied in part. It is granted to the extent stated in this opinion. The motion is denied in all other aspects. It is further

ORDERED that Plaintiff's Supplemental Pleading per FRCP 15(d) to File a Supplemental Pleading (Motion), Doc. 19, is denied. It is further

ORDERED that Plaintiff's request for sanctions is denied.

---

[5] See, e.g., Walsh v. McDonald, 655 F. App'x 854, 857 (Fed. Cir. 2016) (Walsh's "allegations of misconduct against VA entities, VA officials, and members of the Veterans Court, and his briefing contains references to an alleged attempted murder. . . . [and are] obviously frivolous, plainly unsubstantial, or no longer open to discussion" (citation omitted)); George, 650 F. App'x at 132 n.3 ("United States District Court for the District of Columbia described Walsh's stalking allegations as 'simply another frivolous claim based on a bizarre Government conspiracy theory.' That court also summarized Walsh's previous cases and sua sponte ordered Walsh to show cause why an injunction limiting future filings should not issue." (citation omitted)); Walsh v. Krantz, 423 F. App'x 177, 180 (3d Cir. 2011) ("Walsh has persisted in his misguided arguments and specious factual assertions, and [] this appeal is frivolous"); Comey, 118 F. Supp. 3d at 27–28 (collecting cases of Walsh's "frivolous claims").

DATED this 4th day of September, 2024.

BY THE COURT:

_____
ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE