UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CAPTAIN RORY M. WALSH, USMC (RET.);<br><br>Plaintiff,<br><br>vs.<br><br>DEPARTMENT OF THE NAVY, UNITED STATES OF AMERICA,<br><br>Defendants. | 4:23-CV-04164-ECS<br><br><br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

Plaintiff, Retired Captain Rory M. Walsh ("Walsh"), filed a Freedom of Information Act ("FOIA") request seeking documents from the Department of the Navy and the United States ("Defendants"). Doc. 1. Walsh eventually moved to strike Defendants' Answer under Federal Rule of Civil Procedure 12(f) and sought sanctions against them. Doc. 27. The Court denied Walsh's motion and found that Defendants' Answer was proper and timely. Doc. 28. Walsh now moves the Court to reconsider its Order. Doc 29.

Walsh's motion for reconsideration is denied. The Federal Rules provide the following regarding grounds for relief from an order:

> On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    (4) the judgment is void;

    (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  A district court's decision on a motion for reconsideration rests within its discretion.  Hagerman v. Yukon Energy Corp., 839 F.2d 407, 413 (8th Cir. 1988).  "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence."  Id. at 414 (citation omitted).  Construing Walsh's motion for reconsideration liberally, his claim falls outside the purview of Rule 60.  Walsh asks this Court to vacate its denial of his Motion to Strike under Rule 12(f) based on alleged misconduct by the Navy and FBI.  Doc. 29 at 4.  Walsh, however, does not claim the Court made errors of fact or law when it allowed Defendants to file their Answer.  Accordingly, this case will continue under the terms of the Scheduling Order entered by the Court on today's date.  Therefore, it is

    ORDERED that Walsh's Motion for Reconsideration, Doc. 29, is denied.

    DATED this 22nd day of October, 2024.

                                    BY THE COURT:

                                    ERIC C. SCHULTE
                                    UNITED STATES DISTRICT JUDGE