UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CAPTAIN RORY M. WALSH, USMC (RET.);<br><br>Plaintiff,<br><br>vs.<br><br>DEPARTMENT OF THE NAVY, UNITED STATES OF AMERICA,<br><br>Defendants. | 4:23-CV-04164-ECS<br><br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

On October 17, 2023, Plaintiff Captain Rory Walsh filed this Freedom of Information Act ("FOIA") action against the Department of the Navy and the United States ("Defendants"). Doc. 1. Walsh requests Letters of Reprimand and disciplinary records for two now-retired military generals that he alleges tried to murder him in 1985. Id. Currently before this Court is Defendants' Motion for Summary Judgment. Doc. 44. Defendants maintain they have conducted a reasonable search for the information that Walsh seeks and have uncovered no responsive records. Doc. 45. Walsh opposes the motion but fails to contradict this key factual contention by Defendants. Doc. 63. Because Defendants have conducted a reasonable search and do not possess documents responsive to Walsh's FOIA request, Defendants' Motion for Summary Judgment, Doc. 44, is granted. For this same reason, Walsh's Second Motion to Compel Defendants to Release the Requested Documents and for Sanctions, Doc. 43, is denied as moot.

1

## I. Background

On August 9, 2019, Walsh filed a FOIA request ("2019 FOIA request"). Doc. 46 ¶ 65. His request sought Letters of Censure and Punitive Letters of Reprimand issued to Jerry Humble and Michael Hagee, who Walsh alleges attempted to murder him. Id. ¶ 67. Major General Jerry D. Humble is a Two-Star General in the United States Marine Corps ("USMC"). Id. ¶ 68. Humble retired from active duty in 2003. Id. General Michael Hagee is a Four-Star General in the USMC. Id. ¶ 69. Hagee retired from active duty in 2007. Id.

Michael L. Peters is the Deputy Program Manager for the USMC FOIA and Privacy Act ("PA") programs at Headquarters Marine Corps ("HQMC"). Id. ¶ 58. Peters supervises and reviews the processing of FOIA and PA requests. Id. ¶¶ 61–62. After receiving Walsh's 2019 FOIA request, Peters's office searched the military personnel records of Humble and Hagee. Id. ¶ 72. The search did not uncover any Letters of Censure or Punitive Letters of Reprimand. Id. ¶ 75. Because the search did not reveal any responsive records, Peters's office denied Walsh's FOIA request and informed him of his appeal rights. Id. ¶¶ 76–79. Walsh appealed to the Office of the Judge Advocate General ("OJAG"). Id. ¶¶ 80–82. OJAG denied his appeal. Id. ¶¶ 83–84. Walsh then filed another FOIA appeal to OJAG. Id. ¶¶ 85–87. OJAG denied that appeal as duplicative. Id. ¶¶ 88–89.

On July 13, 2023, Walsh filed a second FOIA request ("2023 FOIA request") seeking "copies of the official letters of censure/letters of reprimand" relating to an alleged murder attempt on him by Humble and Hagee. Id. ¶¶ 90–92. Upon receipt and review of this request, Peters's office applied the Department of Defense's duplicate request policy because Walsh sought the same information as his 2019 request, a reasonable search had already been conducted, and no responsive records were previously found. Id. ¶¶ 93–94. A new search was

thus deemed unnecessary. Id. ¶¶ 95–96. Accordingly, Peters's office denied Walsh's 2023 FOIA request as duplicative. Id. ¶¶ 98–99. Walsh appealed to OJAG. Id. ¶¶ 100–102. OJAG denied Walsh's appeal because it found his request was duplicative. Id. ¶¶ 103–04.

Walsh then filed this FOIA action. Doc. 1. Defendants subsequently moved to dismiss for failure to state a claim. Doc. 12. Accepting Walsh's factual allegations as true and construing all inferences in his favor, this Court found that Walsh pled a plausible claim and denied Defendants' motion. Doc. 25.

As a result of Walsh filing his Complaint, Humble's and Hagee's military service records were searched again.[1] Doc. 46 ¶ 105. Because Walsh requested documents allegedly issued by the Secretary of the Navy and mentioned "murder attempts," the Office of the Secretary of the Navy and the officer misconduct database were also searched. Id. ¶¶ 124–28. Ultimately, all reasonable search locations were exhausted. Id. ¶ 129. To date, no records responsive to Walsh's FOIA requests have been found. Id. ¶ 97.

On February 28, 2025, Defendants moved for summary judgment. Doc. 44. Defendants claim they have fulfilled their obligation under FOIA. Doc. 45. To that point, Defendants purport that they have performed a reasonable search that did not reveal any records responsive to Walsh's FOIA requests. Doc. 45. Walsh opposes Defendants' motion. Doc. 63.[2]

---

[1] The Department of the Navy's regulations require punitive letters and letters of censure to be filed in the disciplined individual's military service record. Doc. 46 ¶¶ 109–113.

[2] Walsh's response to Defendants' summary judgment motion asks the undersigned to recuse himself based on the Order Denying Plaintiff's *Ex Parte* Motion for Stay and Granting Plaintiff an Extension to File his Summary Judgment Response. Doc. 56. Walsh also filed a separate motion on that issue. See Doc. 64. Accordingly, the Court addresses that argument in a separate contemporaneously filed order.

## II.  Legal Standard

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  On summary judgment, the evidence is "viewed in the light most favorable to the nonmoving party." True v. Nebraska, 612 F.3d 676, 679 (8th Cir. 2010) (quoting Cordry v. Vanderbilt Mortg. & Fin., Inc., 445 F.3d 1106, 1109 (8th Cir. 2006)).  A genuine issue of material fact exists if a "reasonable jury [could] return a verdict for either party" on a particular issue.  Mayer v. Countrywide Home Loans, 647 F.3d 789, 791 (8th Cir. 2011).  A party opposing a properly made and supported motion for summary judgment must cite to particular materials in the record supporting the assertion that a fact is genuinely disputed.  Fed. R. Civ. P. 56(c)(1); Gacek v. Owens & Minor Distrib., Inc., 666 F.3d 1142, 1145 (8th Cir. 2012).  "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." Thomas v. Corwin, 483 F.3d 516, 527 (8th Cir. 2007).  Summary judgment is not "a disfavored procedural shortcut, but rather . . . an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

## III.  Discussion

### A.  FOIA Request

FOIA grants "any person" a right to request records held by a federal agency.  5 U.S.C. § 552(a)(3)(A).  FOIA was designed to increase openness and transparency in government, and it favors disclosure.  Milner v. Dep't of Navy, 562 U.S. 562, 565 (2011).  To succeed in a FOIA action, a plaintiff must show "that an agency has (1) improperly; (2) withheld; (3) agency

4

records." Kissinger v. Reporters Comm. For Freedom of the Press, 445 U.S. 136, 150 (1980) (citation modified). "[P]ossession or control [of the requested documents] is a prerequisite to FOIA disclosure duties" because FOIA "only obligates [an agency] to provide access to [documents] which it in fact has created and retained." Id. at 152.

"Summary judgment is available to the defendant in a FOIA case when the agency proves that it has fully discharged its obligations under FOIA, after the underlying facts and the inferences to be drawn from them are construed in the light most favorable to the FOIA requester." Miller v. U.S. Dep't of State, 779 F.2d 1378, 1382 (8th Cir. 1985) (quoting Weisberg v. U.S. Dep't of Justice, 705 F.2d 1344, 1350 (D.C. Cir. 1983)). "When a government agency claims that it does not possess or control a requested document, the agency must show it fully discharged its statutory obligations by conducting a search reasonably calculated to uncover all relevant documents." Urban v. United States, 72 F.3d 94, 95 (8th Cir. 1995) (citation modified); see Miller, 779 F.2d at 1383 (describing the agency's burden as having to demonstrate that it "has thoroughly searched for the requested documents where they might reasonably be found"). A "search need only be reasonable; it does not have to be exhaustive." Miller, 779 F.2d at 1383. "An agency may prove the reasonableness of its search through affidavits of responsible agency officials so long as the affidavits are relatively detailed, nonconclusory, and submitted in good faith." Id. (citing Goland v. CIA, 607 F.2d 339, 352 (D.C. Cir. 1978)). If an "agency has shown by convincing evidence that its search was reasonable, i.e., that it was especially geared to recover the documents requested, then the burden is on the requester to rebut that evidence by a showing that the search was not in fact in good faith." Id. (citing Weisberg, 705 F.2d at 1351).

Defendants furnished affidavits from responsible officers detailing their search procedures. See Docs. 47–51. As these officials explained, Defendants have searched multiple

times through databases that store Letters of Censure and Letters of Reprimand. Id.[3] These searches were thorough, calculated, and did not uncover any responsive documents. Id. Thus, the burden shifts to Walsh to rebut Defendants' evidence by "showing that the search was not [conducted] in good faith." Miller, 779 F.2d at 1383 (citing Weisberg, 705 F.2d at 1351).

Walsh, in response, lodges a flurry of allegations that Humble and Hagee attempted to murder him and that based on these allegations Defendants created and retained Humble's and Hagee's Letters of Censure or Punitive Letters of Reprimand. See generally Doc. 63. These are the same allegations that other courts have time and time again found to be frivolous.[4] Such baseless allegations do not satisfy Walsh's burden to show that Defendants' search was in bad faith.

Walsh next claims that Defendants' affidavits and exhibits relating to his 2019 FOIA request are extrajudicial and should not be considered by this Court. Id. at 3. These documents, however, are directly relevant to show whether Defendants' search was in good faith. Generally, an agency need show only *one* reasonable search. Here, however, Defendants have conducted several reasonable searches. As a result, Walsh's request is denied.

---

[3] In its Opinion and Order Denying Defendants' Motion to Dismiss, Doc. 25, this Court did not have information on Walsh's initial 2019 FOIA request or Defendants' actions searching for documents related to that request.

[4] See Walsh v. Del Toro, No. 24-CV-04018, 2025 WL 102184, at *6, 15 (D.S.D. Jan. 15, 2025) (dismissing Walsh's claims because they "are obviously frivolous" and ordering that a prefiling injunction against him will issue unless he shows good cause); Walsh v. McDonald, 655 F. App'x 854, 857 (Fed. Cir. 2016) (finding "no support for [Walsh's murder allegations] in the record"); Walsh v. George, 650 F. App'x 130, 133 n.3 (3d Cir. 2016) (warning Walsh "that repetitive and vexatious litigation may lead to filing restrictions and sanctions"); Walsh v. Krantz, 423 F. App'x 177, 180 (3d Cir. 2011) ("Walsh has persisted in his misguided arguments and specious factual assertions, and . . . this appeal is frivolous"); see also Walsh v. Comey, 118 F. Supp. 3d 22, 27–28 (D.D.C. 2015) (collecting cases of Walsh's "frivolous claims").

Ultimately, Walsh fails to rebut that Defendants' searches were conducted in good faith; as such, summary judgment is granted in Defendants' favor.[5]

### B. Attorney's Fees and Punitive Damages

Walsh asks for attorney fees and an award of punitive damages payable to him. Doc. 63 at 2. Under FOIA, "court[s] may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). A plaintiff "has substantially prevailed if [he] has obtained relief through either (I) a judicial order, or an enforceable written agreement or consent decree; or (II) a voluntary or unilateral change in position by the agency, if [his] claim is not insubstantial." 5 U.S.C. § 552 (a)(4)(E)(ii). Walsh has clearly not "substantially prevailed" here as Defendants have performed reasonable searches that have not uncovered records responsive to Walsh's FOIA requests. Thus, Walsh's request for fees and punitive damages is denied.

### C. Walsh's Second Motion to Compel and for Sanctions

On February 28, 2025, Walsh filed a Second Motion to Compel the Navy to Release Requested Documents and for Sanctions. Doc. 43. Walsh repeats the same arguments there that he made in his first motion, Doc. 27, which this Court denied, Doc. 28. This Court also denied

---

[5] Defendants argue in the alternative that they need not perform a new search when no responsive records are found in the initial FOIA request. Doc. 45 at 21. Defendants assert this ground is likely moot given the later search here. Id. This Court agrees with Defendants but notes that the information pertinent to Walsh's 2019 FOIA request was not before it when it denied Defendants' Motion to Dismiss. See generally Doc. 25.

Walsh's motion to reconsider that denial. Doc. 37. Walsh now attempts a third bite at the apple, but for the reasons stated in this Court's prior opinions, Walsh's motion, Doc. 43, is denied.[6]

## IV.  Order

For the above reasons, and the record as it now exists before this Court, it is hereby ORDERED that Defendants' Motion for Summary Judgment, Doc. 44, is granted. It is further

ORDERED that Walsh's Complaint, Doc. 1, is dismissed with prejudice. It is further

ORDERED that Walsh's request for fees, Doc. 63 at 2, is denied. It is finally

ORDERED that Walsh's Second Motion to Compel the Navy to Release Requested Documents and for Sanctions, Doc. 43, is denied.

DATED this 13th day of June, 2025.

BY THE COURT:

_____
ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE

---

[6] To the extent that Walsh's motion requested Defendants to release the records pertinent to his FOIA request, Walsh's motion is moot. This Court has determined that Defendants have conducted a reasonable search and not recovered any responsive records.